```
                                                                    FILED
                                                                IN CLERK'S OFFICE
                                                            U.S. DISTRICT COURT E.D.N.Y.
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EUGENE ROBERT HENDERSON,

        Plaintiff,                         **ORDER**

        - against -                     16-cv-6744 (NG)

ANDREW M. SAUL,
Commissioner of Social Security,[1]

        Defendant.
------------------------------------------------------------x

**GERSHON, United States District Judge:**

Charles E. Binder, counsel for the plaintiff, moves this court for attorney's fees under 42 U.S.C. § 406(b), seeking $51,732.00 for legal services rendered to plaintiff. Defendant Commissioner of Social Security[1] ("the Commissioner") has timely responded, stating that, while he has no direct financial stake in § 406(b) matters, he does not find plaintiff's counsel's request for fees to be unreasonable. Upon due consideration, the motion is granted.

**I.    Background**

Plaintiff Eugene Robert Henderson filed an application for Social Security Disability benefits on June 5, 2010 with an onset of disability of October 29, 2009. His claim was initially denied and his subsequent appeals to an Administrative Law Judge and the Social Security Appeals Council were also denied. Plaintiff then chose to pursue an appeal of the Commissioner's final

---

[1] The plaintiff commenced this action against Carolyn W. Colvin, as Acting Commissioner of Social Security. On January 21, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security, and on June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. Because Carolyn W. Colvin was sued in this action only in her official capacity, Andrew M. Saul is automatically substituted for Carolyn Colvin as the named defendant. *See* Fed. R. Civ. P. 25(d). The Clerk of Court shall amend the caption in this case as indicated above.

decision in this court. In so doing, plaintiff signed a retainer agreement with the Law Offices of Charles E. Binder and Harry J. Binder, LLP. The retainer agreement provided that, if the appeal were successful and plaintiff was ultimately awarded past-due benefits, plaintiff would pay his counsel up to 25% of the award of past-due benefits upon approval of a request for fees by the District Court and/or the Social Security Administration ("SSA"). On August 29, 2013, plaintiff commenced an action in this court under docket number 13-cv-4864 before the Honorable Chief District Judge Dora L. Irizarry. The parties thereafter agreed to stipulate to a remand of the action for further administrative proceedings and to an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $4,200.00 for plaintiff's success in the litigation.

Following Judge Irizarry's endorsement of the stipulations, the Appeals Council vacated the final decision of the Commissioner and remanded the case for further administrative proceedings on October 21, 2014. Further hearings were then held before a different Administrative Law Judge, who found plaintiff not to be disabled on July 24, 2015. Plaintiff again sought review by the Appeals Council, which issued a "partially favorable" decision finding plaintiff disabled with an onset of February 7, 2015, as opposed to the October 29, 2009 onset date he initially sought. Plaintiff again sought to appeal the Commissioner's final decision in this court. As a result, plaintiff signed a new retainer agreement providing that he would pay counsel up to 25% of any award of past-due benefits upon approval of a request for fees by the District Court and/or the SSA. On December 6, 2016, plaintiff commenced a second action in this court—the instant case. Following motion practice and oral argument on November 1, 2017, I granted plaintiff's motion for judgment on the pleadings, reversed the final decision of the Commissioner,

and ordered that plaintiff be found disabled beginning on his alleged onset date of October 29, 2009. The parties then stipulated to an award of attorney's fees under the EAJA in the amount of $6,800.00.

On April 4, 2019, plaintiff's counsel received Notices of Award stating that a total of $51,732.00, representing 25% of the past-due benefits awarded to plaintiff and his eligible children, should have been withheld for attorney's fees. The SSA, however, conceded that it failed to withhold $14,593.25 of past-due benefits awarded to plaintiff's eligible children, and instead released the funds to plaintiff.

Plaintiff's counsel now seeks an order awarding attorney's fees in the amount of $51,732.00, representing 25% of the past-due benefits awarded to plaintiff and his eligible children. (Counsel represents that, because the SSA inadvertently withheld only $37,138.75, he will follow the procedure set out in the SSA Program Operations Manual System ("POMS") GN 03920.055 to recoup the remaining $14,593.25 in fees not withheld.[2]) Should the court award the requested $51,732.00, plaintiff's counsel has also agreed to remit $11,000.00 in fees to plaintiff,

---

[2] Where the SSA has released to a claimant all or part of the 25% that should have been withheld for payment of legal fees, upon approval of the fees pursuant to § 406(b), counsel for plaintiff will attempt to obtain these fees from the claimant. If the claimant fails to remit payment to counsel, the SSA will then pay counsel the amount it failed to withhold by creating an overpayment to the claimant's disability account. Thereafter, the SSA will recoup the amount of money it failed to withhold from the claimant's monthly disability benefits in small increments subject to the claimant's financial ability to repay the overpaid amount. The claimant is permitted to file a waiver of the overpayment if he or she is unable to afford even the small reduction in his or her monthly disability benefits. As a result, the claimant is not harmed by the SSA's mistake.

which represents the previously-awarded EAJA fees in this case.[3] Counsel for the government does not find plaintiff's counsel's request for fees to be unreasonable.

On June 18, 2019, counsel for plaintiff served a copy of his motion on plaintiff by certified mail and filed the proof of service on the docket sheet that same day. On June 19, 2019, I issued an order giving plaintiff until July 8, 2019 to respond to his counsel's motion, if he so desired. Plaintiff's counsel was directed to serve the June 19, 2019 order on his client and provide proof of service on the docket sheet. Plaintiff's counsel filed the proof of service on July 12, 2019 indicating that Mr. Henderson was served by mail with my June 19, 2019 order on June 24, 2019. Mr. Henderson did not submit any response to his counsel's motion for attorney's fees.

## II. Analysis

Section 406(b) of the Social Security Act permits district courts to authorize reasonable attorney's fees up to 25% of the claimant's past-due benefits where a claimant is successful in federal court. 42 U.S.C. § 406(b). In *Gisbrecht v. Barnhart*, the Supreme Court explained that, even when a contingency agreement complies with the statutory limit and caps the fee at 25% of the plaintiff's benefits award, "§ 406(b) calls for court review of [contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. 789, 807 (2002). Under *Gisbrecht*, an attorney for a successful social security benefits claimant must show that the fee sought is reasonable for the services rendered. *Id.* The district court may reduce the fee based on the character of the representation and the results achieved. *Id.* If the

---

[3] Where counsel receives fees for the same work under the EAJA and 42 U.S.C. § 406(b), counsel must return the lesser of the two fees to plaintiff. *Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

recovered benefits are large in comparison to the time the claimant's attorney invested in the case, a downward adjustment may be required. *Id.*

Counsel's total fees are capped, both statutorily and under the terms of his contingency fee agreement with the plaintiff, at $51,732.00—$11,000.00 of which has already been awarded him by the SSA for his services in representing plaintiff before the agency. *See* 42 U.S.C. § 402(a)(1) ("Except as provided in paragraph (2)(A), whenever the Commissioner of Social Security, in any claim before the Commissioner for benefits under this subchapter, makes a determination favorable to the claimant, the Commissioner shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim."). Thus, my duty now is to determine whether it is reasonable for counsel to receive a total of $51,732.00 for his services to plaintiff under their contingency fee agreement.

Counsel's timesheets indicate that he and others in his office devoted 60 hours to plaintiff's representation. I find that the benefits awarded to plaintiff are not so "large in comparison to the amount of time counsel spent on the case" that "a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808. An award of $51,732.00 would result in an effective hourly rate of $862.20. By all accounts, counsel appears to have obtained excellent results for his client through his efforts, despite multiple setbacks. Moreover, while high, this effective hourly rate is in line with rates approved within this district. *See, e.g., Besignano v. Berryhill*, 2018 WL 1319817, at *2 (E.D.N.Y. Apr. 6, 2017); *Kazanjian v. Astrue*, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011); *but see Rivera v. Berryhill*, 2018 WL 2436942, at *1 (E.D.N.Y. May 30, 2018); *Devenish v. Astrue*, 85 F.

Supp. 3d 634, 638–39 (E.D.N.Y. 2015). I further note that, despite being invited to respond to his counsel's motion, plaintiff has not objected to this fee request. Having considered the guidance set forth in *Gisbrecht*, I find the 25% contingency fee for counsel's representation of plaintiff to be reasonable.

### III. Conclusion

Plaintiff's counsel's motion for attorney's fees under 42 U.S.C. § 406(b) is granted. Charles E. Binder is awarded attorney's fees in the sum of $51,732.00. Counsel shall follow the procedure set out in POMS GN 03920.055 to recoup the $14,593.25 in fees not withheld by SSA. Upon receipt of the § 406(b) fees, Mr. Binder is ordered to refund immediately to plaintiff the previously awarded EAJA fees of $11,000.00. Counsel is further ordered to provide a copy of this order to his client.

**SO ORDERED.**

/s/ Nina Gershon
**NINA GERSHON**
**United States District Judge**

July 29, 2019
Brooklyn, New York